# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

February 9, 2012

Hon. Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: <u>United States v. Wayne Anthony Shand, 11 CR 627 (DLI)</u>

Your Honor:

I write to reply to the government's response in opposition to Mr. Shand's motion to dismiss the indictment.

As noted in the declaration filed in support of the motion to dismiss, the IJ ordered Mr. Shand removed under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), because he had been convicted of two crimes of moral turpitude; and INA § 237(a)(2)(A)(I), 8 U.S.C. § 237(a)(2)(A)(I); because he had been convicted of a felony offense involving moral turpitude committed within five years of entry. The notice to appear which detailed the deportation charges against Mr. Shand did not allege that he had been convicted of an aggravated felony or a controlled substance offense. At the initial deportation hearings, the INS pursued a deportation order based only on the allegations that Mr. Shand had committed crimes of moral turpitude. Only after the IJ brought up the issue of 212(h) relief did the INS raise the issue of Mr. Shand's New York conviction for attempted criminal sale of a controlled substance.

Under the circumstances noted above, Mr. Shand's due process rights were violated because he was not given appropriate, written notice that the INS would pursue his deportation based on an allegation that he had been convicted of a controlled substance offense. However, Mr. Shand concedes that, had he been appropriately charged, his conviction for attempted criminal sale of a controlled substance made him ineligible for relief under 212(h). *See Amadi v. Ashcroft*, 270 F. Supp. 2d 336, 338 (E.D.N.Y. 2003) (Gershon, J.) This circumstance is relevant to the Court's analysis of whether Mr. Shand was prejudiced by the IJ's error so as to render the decision to deport "fundamentally unfair."

Thank you for your attention to this matter.

Respectfully yours,

Michael K. Schneider, Esq.
Attorney for Mr. Shand
(718) 330-1161

cc: Clerk of the Court [by ECF]
AUSA M. Kristin Mace, Esq.
Mr. Wayne Anthony Shand